# EXHIBIT A

*Carson's June 13 Proposed Agreement sent to Hawk that was to memorialize the Parties' April 5, 2013 Settlement Agreement placed on the record.*

Case 2:12-cv-01169-GRB Document 48-1 Filed 07/24/13 Page 2 of 14 PageID #: 532

**Confidential Negotiated Settlement Agreement and**
**General Release of All Claims**

B — This Confidential Negotiated Settlement Agreement and General Release of All Claims ("Agreement") is entered into by and between Carson Optical, Inc. and Leading Extreme Optimist Industries Limited, their subsidiaries, parents, partners, successors, officers, affiliates and assigns (collectively, "Carson"), on the one hand, and Hawk Importers, Inc., Shyam Baheti, Ram Baheti, and their subsidiaries, parents, partners, successors, officers, affiliates and assigns (collectively, "Hawk"), on the other.

B — WHEREAS Carson has filed two actions against Hawk in the United States District Court for the Eastern District of New York entitled, *Carson Optical, Inc. v. Hawk Importers, Inc., et al*, No. 2:12-cv-01169 ("Carson II"); *Cameron Int'l Trading Co. v. Hawk Imps., Inc.*, No. 03-CV-02496 ("Carson I"); and Hawk counterclaimed against Carson in Carson II (together, the "Actions");

B — WHEREAS, Plaintiff Carson Optical, Inc. and Defendants Hawk Importers, Inc. and Ram Baheti engaged in a Settlement Conference before this Court on April 5, 2013 before the Honorable Gary A. Brown, the transcript of this Settlement is attached as Exhibit A, and Carson Optical, Inc. had representing authority to settle for Leading Extreme Optimist Industries Limited, and Ram Baheti had representing authority to settle for Shyam Baheti in the Actions;

B — WHEREAS, the Parties desire the entry of a dismissal with prejudice under FRCP 41 (Exhibit B) and further desire a final entry of judgment under FRCP 54 on Carson I and Carson II (Exhibit C) which shall incorporate this Settlement Agreement; and

B — WHEREAS Carson and Hawk (collectively, the "Parties") desire to settle fully, and finally, all differences between them, including, but in no way limited to, those differences described above.

NOW THEREFORE, in consideration of the mutual covenants and promises herein contained, and other good and valuable consideration, receipt of which is hereby acknowledged, and to avoid unnecessary litigation, it is hereby agreed by and between the Parties as follows:

1. The Parties on behalf of themselves, and their respective heirs, family members, executors, officers, directors, employees, investors, shareholders, administrators, affiliates, divisions, subsidiaries, predecessor and successor

corporations, and assigns, hereby fully and forever release each other and their respective heirs, family members, executors, officers, directors, employees, investors, shareholders, administrators, affiliates, divisions, subsidiaries, predecessor and successor corporations, and assigns, from, and agree not to sue concerning, any claim, duty, obligation or cause of action relating to any matters of any kind, whether presently known or unknown, suspected or unsuspected, that any of them may possess arising from any omissions, acts or facts that have occurred up until and including the date of execution of this Agreement.

**Waiver of California Civil Code Section 1542**

The Parties to this Agreement, and each of them, further acknowledge that they have been informed of the meaning and effect of each and every provision of this Agreement and that, with respect to the Releases set forth in paragraph 1.0, the Parties, and each of them, are aware of provision Section 1542 of the California Civil Code, which provides as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

The Parties hereto, and each of them, have been advised by separate and independent legal counsel of their own choosing and understand and acknowledge the significance and consequence of these Releases, and of the specific waiver of Section 1542; and the Parties hereto, and each of them, expressly consent that this Agreement and the Releases set forth herein shall be given full force and effect according to each and all of their express terms and provisions, including those relating to unknown and unsuspected claims, demands and causes of action, if any, as well as those relating to any other claims, demands and causes of action hereinabove specified, subject to the limitation expressed pertaining to the Release between the Parties, and each of them.

The Parties knowingly and voluntarily waive any and all rights and benefits conferred upon them by the provisions of Section 1542, and any other comparable statute or law which may exist under the laws of the State of California, and acknowledge that this waiver is an essential and material term of this Release.

B

2. The general release described in Paragraph 1 of this Agreement shall include, without limitation, a release by Hawk of all claims against Carson relating to Hawk's binocular products that Hawk may possess arising from any omissions, acts or facts that have occurred up until and including the date of execution of this Agreement.

B

3. Hawk shall pay, or cause to be paid, to Carson, the sum of one hundred thirty thousand dollars ($130,000), as follows: within fifteen (15) days after the date of execution of this Agreement, Hawk shall pay Carson $65,000.00; Hawk shall pay Carson $16,250.00 within three (3) months of the Effective Date of the date of execution of this agreement; Hawk shall pay Carson $16,250.00 within six (6) months of the Effective Date of the date of execution of this agreement; Hawk shall pay Carson $16,250.00 within nine (9) months of the date of execution of this agreement; and Hawk shall pay $16,250.00 within twelve (12) months of the date of execution of this agreement. For any payments made by Hawk to Carson pursuant to this Paragraph, Hawk will cause to be delivered to Carson a check payable to "Carson Optical, Inc."

B

4. Hawk may sell off their existing inventory of items bearing Hawk Item Nos. MG9025, MG9003, and MG9035 (the "MG Magnifiers") through normal channels for one year from the date of the execution of this Agreement. After that first year, Hawk may then sell off any remaining inventory of the MG Magnifiers outside of the U.S. and Canada for one year. After two years from the date of execution of this Agreement, Hawk shall destroy any remaining inventory of the MG Magnifiers. Hawk shall confirm such destruction by affidavit, which shall be presented to Hawk by Carson Optical. If Hawk desires to sell the MG Magnifiers, replicas of Carson's MAGNIVISOR DELUXE products or products that otherwise embody U.S. Patent No. 6,215,601 B1, they will buy such products to be resold from Carson at Carson's published prices ("Purchased Magnifiers"). Except for the Purchased Magnifiers, after destruction of Hawk's remaining inventory of the MG

Magnifiers, Hawk hereby agrees not to manufacture, import, advertise, sell, license or otherwise distribute the MG Magnifiers or items that are replicas of Carson's MAGNIVISOR DELUXE products or products that otherwise embody U.S. Patent No. 6,215,601 B1. Exemplar photographs of the MG magnifiers and Carson's MAGNIVISOR DELUXE products are attached hereto as Exhibit D.

5. Hawk shall cure inaccurate statements contained in Hawk's magnifier packaging and advertisements regarding magnification strength. This cure shall be complete within six (6) months of the date of execution of this Agreement and Hawk shall confirm such in an affidavit sent to Carson.

6. To the extent one of the Parties has a concern or disagreement in the future regarding the other party's business practice(s), the Parties shall attempt to first resolve the concern informally by speaking directly to one another. Should those efforts fail, the Parties agree that Magistrate Judge Gary R. Brown of the United States District Court for the Eastern District of New York shall retain exclusive jurisdiction over this Agreement and any other dispute between the Parties to the exclusion of all other courts, venues and forums. This requirement shall not apply to any existing administrative proceedings before the United States Patent and Trademark Office.

7. The Court shall retain jurisdiction for the purposes of enforcing the Agreement pursuant to *Kokkonen vs. Guardian Life Insurance Co.*, 511 US 375 (1994).

8. This Agreement, and compliance with this Agreement, shall not be construed as an admission by the Parties of any liability whatsoever.

9. Carson shall file a dismissal of the Actions, with prejudice and without attorneys' fees or costs. Carson shall file such dismissal with the Court upon full execution of this Agreement.

10. Any obligation by Hawk to "sell off" their remaining inventory for a particular item as set forth in this Agreement, shall mean that Hawk may sell their remaining inventory for that item without replenishing its stock by any means including, without limitation, by manufacture or import. This Paragraph shall not apply to the replenishment of stock by purchasing items from Carson.

11. Each of the Parties covenants and agrees that such Party shall not at any time, directly or indirectly, orally or in writing, whether through overt statement or by implication, disparage, or encourage or support any third parties to disparage, the reputation, ethics, honesty, competence, business practices or business of any other Party hereto, except that true statements, even if disparaging, made under oath in response to legal process shall not be deemed to violate this provision.

12. The Parties agree that the payment provided for in Paragraph 3 hereof shall constitute the entire amount of consideration provided under this Agreement and that neither Party will seek any further compensation for any other claimed penalty, damage, costs, or attorneys' fees against the other in connection with the matters encompassed in this Agreement.

13. The Parties agree to reasonably and in good faith cooperate and to execute any and all supplementary documents and to take all additional actions that may be necessary or appropriate to give full force to the basic terms and intent of this Agreement and which are not inconsistent with its terms.

14. The Parties understand the word "claims" to include all actions, claims, causes of action, suits, awards, judgments, demands, debts, costs, fees, expenses, sums of money, accounts, reckoning, losses, damages, obligations, and grievances, whether actual or potential, known or unknown, and specifically, any and all A ⟶ other claims arising out of the trademark at issue in the Action.

15. No modification, waiver, or amendment of this Agreement shall be effective unless by express written agreement signed by authorized representatives of the Parties.

16. This Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to its conflict of laws provisions.

17. This Agreement was jointly negotiated and jointly drafted by the Parties and their respective attorneys and shall not be interpreted or construed in favor or against any Party on the ground that said Party drafted this Agreement. This Agreement shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any of the Parties hereto.

18. If any provision of any paragraph of this Agreement (or any paragraph in its entirety) is held or found to be invalid or unlawful, then the provision or paragraph found to be invalid or unlawful shall be deemed void as of the date of the execution of this Agreement and shall be severed and deleted from this Agreement. All remaining provisions and paragraphs shall remain and continue in full force and effect.

19. This Agreement and any document referred to herein, may be executed in any number of counterparts, each of which may be deemed an original and all of which together shall constitute a single instrument.

20. This Agreement, and each of its provisions shall remain confidential and may not be disclosed by any of the Parties except to their attorneys, their accountants, their insurers, their reinsurers, their boards of directors, and their vendors (provided that such disclosures are made solely for the purposes of indemnification) and, if requested, to taxing authorities or as may be required by subpoena or court order. If any inquiry is made of any of the Parties about the matter settled by this Agreement or this Agreement, the Parties shall only state that there was a settlement on terms satisfactory to the Parties. This term is an essential term of this Agreement. Accordingly, it is agreed that, in the event of any breach of this section, in addition to any other remedy to which the Parties may be entitled at law or in equity, the Parties shall be entitled to an order of specific performance to compel performance of such confidentiality obligations. Notwithstanding the foregoing, in the event of any future litigation between the Parties regarding this Agreement, this paragraph shall be deemed voided and of no further force or effect.

21. In any action by the Parties to enforce the terms of this Agreement where the enforcing Party prevails, the enforcing Party shall be entitled to recover its costs and expenses, including reasonable attorneys' fees for the opening and prosecution of such action as well as for any application for such fees.

22. Without making any admissions or concessions, and for reasons of expediency, the Parties hereto have decided to resolve and settle the Action among them rather than incur the legal costs and uncertainty of litigation. Neither this Agreement, nor anything contained in it or any of the Parties' performance

hereunder shall be construed as an admission by any Party of any liability, wrongdoing or unlawful conduct whatsoever, which is expressly denied by each Party.

23. The Parties hereby represent and warrant that they have not heretofore assigned or transferred, or purported to assign or transfer, to any person, corporation or other entity, any claim or cause of action released hereunder.

24. Each Party hereto represents and warrants: (i) that it has the requisite power and authority to enter into and deliver this Agreement, and to carry out and perform its obligations hereunder; and (ii) that the execution and delivery of this Agreement by each Party hereto has been duly and validly authorized, and, that, upon execution and delivery by each Party, this Agreement shall constitute the legal, valid and binding obligation thereof, enforceable against it in accordance with its terms.

25. The signatories represent and warrant that they have full authority to enter into this Agreement on behalf of the person, entity or entities for which they have signed.

26. The Parties may not assign any of their rights or obligations hereunder without the prior written approval of the other.

27. All Notices of any kind which either Party hereto may require or desire to serve upon any other Party to this Agreement shall be in writing and served upon the other Party by personal delivery, or by mailing a copy thereof by regular mail or certified or registered mail, postage prepaid with return receipt, or via email to the addresses set forth below:

B

To Hawk:
J. Curtis Edmondson
The Law Offices of J. Curtis Edmondson
3699 NW John Olsen Place
Hillsboro, OR 97124
jcedmondson@edmolaw.com

Case 2:12-cv-01169-GRB Document 48-1 Filed 07/24/13 Page 9 of 14 PageID #: 539

To Carson:

Robert J. deBrauwere
Pryor Cashman LLP
7 Times Square
New York, NY 10036

Service shall be deemed complete on the day of personal delivery or overnight courier delivery or emailing. The addresses to which notices may be sent may be changed by written notice served as provided above by either Party upon the other Parties.

***** Remainder of Page Left Intentionally Blank *****

**IN WITNESS WHEREOF**, the Parties hereto affix their signatures hereto.

Plaintiff Carson Optical, Inc.

By:__________________________

Name: Richard Cameron

Title: President

DATED: ___________

STATE OF ___________, COUNTY OF ______________ ss.:

On the ________ day of ________ in the year 2013, before me, the undersigned, personally appeared ________________________, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity as __________________ of Carson Optical, Inc., and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

______________________________

Notary Public

**IN WITNESS WHEREOF**, the Parties hereto affix their signatures hereto.

Plaintiff Leading Extreme Optimist Industries Limited

By:____________________________

Name:

Title: _______________________

DATED: ____________

Wittnessed

By:__________________________

Name:
Title:

DATED: ____________________

**IN WITNESS WHEREOF**, the Parties hereto affix their signatures hereto.

Defendant Hawk Importers, Inc.

By: ______________________________

Name:

Title:

DATED: ______________

B

STATE OF ____________, COUNTY OF ________________ ss.:

On the _________ day of _________ in the year 2013, before me, the undersigned, personally appeared ___________________________, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity as ____________________ of Hawk Importers, Inc., and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

___________________________________

Notary Public

**IN WITNESS WHEREOF**, the Parties hereto affix their signatures hereto.

Defendant Shyam Baheti

By:______________________________

Name:

DATED: ______________

B

STATE OF ___________, COUNTY OF _______________ ss.:

On the _________ day of _________ in the year 2013, before me, the undersigned, personally appeared __________________________, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument.

_________________________________

Notary Public

**IN WITNESS WHEREOF**, the Parties hereto affix their signatures hereto.

Defendant Ram Baheti

By:____________________________

Name:

DATED: _____________

B

STATE OF ___________, COUNTY OF _______________ ss.:

On the ________ day of ________ in the year 2013, before me, the undersigned, personally appeared __________________________, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument.

________________________________

Notary Public